NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 16 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANA VITALINA MEDRANO-DE MARTINEZ; ANA PATRICIA MARTINEZ-MEDRANO; KAREN ADRIANA MARTINEZ-MEDRANO; ALISON VALERIA MARTINEZ-MEDRANO,<br><br>Petitioners,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No. 23-2602<br><br>Agency Nos.<br>A208-914-892<br>A209-283-634<br>A209-283-633<br>A209-283-635<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 11, 2024**
San Francisco, California

Before: KOH and JOHNSTONE, Circuit Judges, and SIMON, District Judge.***

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*       The Honorable Michael H. Simon, United States District Judge for the District of Oregon, sitting by designation.

Ana Vitalina Medrano-De Martinez and her minor children (collectively, "Petitioners"), natives and citizens of El Salvador, petition for review of orders of the Board of Immigration Appeals ("BIA") dismissing their appeals of a decision by an Immigration Judge ("IJ") denying Medrano-De Martinez's application for withholding of removal and protection under the Convention Against Torture ("CAT") and the children's applications for asylum, withholding of removal, and CAT protection. We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

1. The BIA determined that Petitioners forfeited review of multiple dispositive aspects of the IJ's decision because they did not "meaningfully challenge" them in their brief.[1] In their petition for review before this court, Petitioners' opening brief challenges aspects of the IJ's decision on the merits but does not contest the BIA's forfeiture determinations.

"In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency." *Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) (quoting *Andia v. Ashcroft*, 359 F.3d 1181, 1184 (9th Cir. 2004) (per

---

[1] Although the BIA used the term "waiver," we will use the term forfeiture throughout for consistency. *See Honcharov v. Barr*, 924 F.3d 1293, 1295 n.1 (9th Cir. 2019) (per curiam) ("The terms waiver and forfeiture—though often used interchangeably by jurists and litigants—are not synonymous. Forfeiture is the failure to make the timely assertion of a right; waiver is the intentional relinquishment or abandonment of a known right.") (quoting *Hamer v. Neighborhood Hous. Servs. of Chicago*, 583 U.S. 17, 20 n.1 (2017)).

curiam)). Having not challenged any of the BIA's conclusions in their opening brief, Petitioners have forfeited our review of them. *See Nguyen v. Barr*, 983 F.3d 1099, 1102 (9th Cir. 2020) (applying forfeiture where petitioner did not raise issue in the opening brief). While their reply brief argues that their notice of appeal met the requirement for statutory exhaustion, Petitioners still do not argue how the BIA erred in applying its procedural rule to find the issues were forfeited on appeal before it. *See Matter of W-Y-C- & H-O-B-*, 27 I. & N. Dec. 189, 190 n.2 (B.I.A. 2018) (arguments raised only in a notice of appeal but not advanced in an appellate brief may be forfeited); *Honcharov*, 924 F.3d at 1296 & n.2 (noting that the BIA "has the authority to prescribe procedural rules that govern the proceedings before it" and "may address an argument by applying its default rules and explaining that it will not reach the merits").

2. Petitioners have also failed to exhaust their claims before the BIA. Petitioners did not raise any arguments related to the IJ's past persecution, nexus, or CAT determinations in their brief before the BIA. A petitioner who files both a notice of appeal and a brief before the BIA "will be deemed to have exhausted only those issues he raised and argued in his brief before the BIA." *Abebe v. Mukasey*, 554 F.3d 1203, 1209 (9th Cir. 2009). Thus, Petitioners have failed to exhaust these substantive and dispositive arguments, and we therefore do not consider them. *Suate-Orellana v. Garland*, 101 F.4th 624, 629 (9th Cir. 2024).

**PETITION DENIED.**